UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF DEBORAH REYNOLDS and ANDRE REYNOLDS, individually, and as a personal representative,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FERNDALE, a Michigan municipality, DEANGELO MARTIN, an individual, BRANDON SZCZESNIAK, LAUREN ZYROWSKI, and PAWEL SKOMSKI, in their individual and official capacities,<br><br>Defendants. | Case No. 20-cv-12454<br>Honorable Laurie J. Michelson |

## ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNT V AND DISMISSING DEFENDANT DEANGELO MARTIN

Early in the morning hours of August 3, 2018, police officers responded to a report of suspicious persons at a 7-Eleven in Ferndale, Michigan. There, the officers encountered Deborah Reynolds and DeAngelo Martin, who both appeared to be intoxicated. The officers transported both Reynolds and Martin to a gas station in Detroit and left them there. Reynolds was never seen alive again. Four months later, Reynolds' body was found in an abandoned house less than a mile away from the gas station. In September 2019, DeAngelo Martin was charged with the murder of four other women whose bodies were found in abandoned buildings in Detroit. Martin has not been charged with Reynolds' murder, but Detroit police and others have said that Reynolds may be another victim of Martin. Reynolds' brother filed this civil suit against the City of Ferndale, Ferndale police officers, and DeAngelo Martin. Reynolds brings both federal and state-law claims

against Ferndale and the Ferndale officers. But the only claim brought against Martin is a state-law claim for wrongful death.

By statute, federal courts may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as the federal claims. *See* 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir. 1996)).

Reynolds characterizes the federal claims as Defendants "affirmatively created or exacerbated the dangers and dangerous situations to which [Deborah Reynolds] was exposed" in violation of the substantive due process clause of the 14th Amendment. (ECF No. 1-1, PageID.15.) The Court presumes that this is a § 1983 claim under the state-created-danger theory of constitutional liability. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 464 (6th Cir. 2006); *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989) ("[In] certain limited circumstances[,] the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals.").

Arguably, the wrongful death claim against Martin is not part of the same case or controversy as the § 1983 and *Monell* claims against the City and its police officers. Although the claims all relate to Reynolds' tragic death, the other operative facts are different. The federal claims allege that the police officers owed an affirmative duty to Reynolds and violated that duty by dropping her at an unfamiliar location with a man she said she did not know. Plaintiffs do not allege that the officers knew at the time that Martin was particularly dangerous, but instead allege more generally that the officers should not have left an intoxicated Reynolds alone with any

unfamiliar man in a remote location. On the other hand, Reynolds' claim against Martin is, at bottom, that he was the one who wrongfully took her life.

But even if the claim is sufficiently related such that the Court *could* exercise supplemental jurisdiction, that does not mean it *should*. Courts have the discretion to decline to exercise such jurisdiction when "the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (subsections omitted). A court also may choose not to exercise jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.*

As the Supreme Court has stated, where "state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). Compelling reasons for declining jurisdiction "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (citation omitted) (declining to exercise supplemental jurisdiction over state-law claims because they would "raise problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions"); *see also Gibbs*, 383 U.S. at 727 (holding that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental jurisdiction); *Kozma v. City of Livonia*, No. 14-2268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014) (same).

If the Court were to allow the state-law wrongful death claim against Martin to go forward, it would likely substantially predominate over the federal-law claims. In order to resolve the claim against Martin, the Court would have to adjudicate the question of whether Martin killed Reynolds in the first instance. This would be a fact-intensive inquiry that would most likely go to a jury and would best be left to a state court.

Additionally, adjudicating the claim against Martin as part of this case would likely raise problems, such as the substantial differences in the evidence and legal theories relevant to the federal and state claims, as well as the potential for complicated jury instructions and jury confusion.

In light of these considerations, the Court declines to exercise jurisdiction over Reynolds' state-law claim for wrongful death against Martin (Count V) and so Count V is REMANDED to state court. This federal case will proceed against the remaining Ferndale defendants, only.

SO ORDERED.

Dated: November 16, 2020

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE